JOHN BOBSIN *vs.* DANIEL E. KINGSBURY.

WILLIAM BOLZER *vs.* SAME.

Hampden.    Sept. 23, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

An officer attached all the goods in a store occupied by A., on a writ against him;
and A. delivered the key of the store to the officer, who closed and locked it.
A few days after the store was closed, A. and B. broke and entered it in the
night-time, and were found there by the officer; and they refused to leave when
requested by the officer, and resisted his attempt to expel them, claiming a right
to remain there. The officer thereupon procured their arrest, and made a com-
plaint against them for breaking and entering his store with intent to steal. A.,
who was the owner of the goods attached and the lessee of the store, and lived
in a tenement over it, was known to the officer. B. was not known to the
officer, but offered to him a writing as evidence of his right to be in the store.
*Held*, in an action by A. and B. against the attaching officer for malicious prose-
cution, that the evidence would warrant a finding that the prosecution was with-
out probable cause, and malicious.

W. ALLEN, J.    The defendant, a deputy sheriff, attached all
the goods in the store of the plaintiff Bobsin, on a writ against
him.    The key of the store was delivered to the defendant by
Bobsin.    Some arrangement was made under which a keeper
was in the store for a few days, and then the defendant closed
and locked it.    A few days after the store was closed, the plain-
tiffs broke and entered it in the night time, and were found
there by the defendant, who had them taken to the lock-up by
a police officer, and the next morning made a complaint against
them for breaking and entering with intent to steal.    These
actions are for malicious prosecution; and the only question is,
whether, upon the evidence, the judge, before whom the cases
were tried without a jury, could properly find that the prose-
cution was without probable cause, and malicious.

It was a question at the trial, whether the attachment had
been discharged by the conduct of the defendant before the
entry by the plaintiffs; but the court held that the attachment
continued to be lawful and valid, and no question in regard to
that is before us; and we must assume that the defendant was
in possession of the store and goods, so that they might properly
be described as his in an indictment for breaking and entering
with intent to steal.

The entry of the plaintiffs, therefore, might have been with the felonious intent charged in the complaints, or it might have been under a claim of right. The plaintiffs must prove want of probable cause to believe that the entry was with the felonious intent; and, to do that, must show that the circumstances known to the defendant, or which he was bound to know, were not sufficient to induce that belief in a reasonable mind.

The circumstances show that the defendant had reason to believe that the plaintiffs broke into the store under a claim of right, and not with a felonious intent. One of them, Bobsin, was known to the defendant, and was the owner of the goods attached and the lessee of the store, and lived in a tenement over it. The other was not known to the defendant, but claimed to have a right to be there, and offered to the defendant a writing as evidence of his right. There was no attempt at secrecy or concealment, nor an attempt to carry off the goods, and no indication that the plaintiffs intended to leave. There was evidence that they refused to quit when requested to by the defendant, and resisted his attempt to expel them, claiming a right to remain; and that, upon such refusal, the defendant procured their arrest, and made the charge against them of breaking and entering his store with intent to steal his goods. The defendant had reason to believe, and his conduct at the time tends to show that he did believe, that the plaintiffs entered the store in order to hold it and the goods against him. The evidence, so far as reported, seems to show that, acting under the assignee of the lease, the plaintiffs had a right to the possession of the store. But this is not material. The defendant may well have believed that their entry was unlawful, and for the purpose of getting possession of the store and holding it and the goods against his lawful right; but he knew, or ought to have known, that their entry was in assertion of a right against him, and he had no probable cause to believe that it was with intent to steal the goods. He knew or had reason to know that it was under a claim of right, and the prosecution for breaking and entering with intent to commit larceny was without probable cause.

Malice may have been inferred, not only from the want of probable cause, but from the circumstances of the prosecution.

The objection that it does not appear that the action was not brought before the adjournment of the term at which the plaintiffs were discharged, was not made at the trial, and is not tenable.　　　　　　　　　　　　　　　　　*Exceptions overruled.*

*W. H. Brooks*, for the defendant.

*P. H. Casey*, for the plaintiffs.