ISAAC KRULEVITZ *vs.* EASTERN RAILROAD COMPANY.

Essex.   Nov. 4, 1885. — Jan. 11, 1886.   FIELD & DEVENS, JJ., absent.
GARDNER, J., did not sit.

If a passenger on a railroad is prosecuted, on a complaint by the conductor, for
fraudulently evading his fare, and is acquitted, in an action by him against the
railroad corporation for malicious prosecution, the honest and reasonable belief
of the conductor in making the complaint is a necessary element in determining
whether he acted without probable cause and maliciously.

TORT, in two counts.  The first count was for an assault and
false imprisonment, and the second count was for malicious pros-
ecution.   Trial in the Superior Court, before *Gardner*, J., who
reported the case for the determination of this court, in sub-
stance as follows:

The plaintiff offered to prove the following facts.  On July 5,
1884, the plaintiff, who, in the pursuit of his business, had fre-
quent occasion to go from Lawrence to Salem, bought at Lawrence
a ticket of the defendant corporation, which read, "Lawrence to
Salem and return," for which he paid one dollar, the price of
a ticket from Lawrence to Salem or from Salem to Lawrence
being sixty-five cents.   On this ticket he rode over the defend-
ant's road from Lawrence to Salem on that day, but, being de-
tained there by his business until after the train for Lawrence
had gone, he returned to Lawrence by another route.   On July 7,
he again entered the defendant's train at Lawrence, intending to
go, as before, to Salem.   Before starting he had paid away all
the money which he then had, under the honest belief that the
ticket which he had was good to carry him to Salem, where he
expected to collect a large sum of money; and he did not intend
to evade the payment of the fare.   When the conductor, to whom
he was personally known, asked him for his ticket, he offered
him the ticket above described; but the conductor refused to
accept it for his fare, stating that it was not good in that direc-
tion, and demanded of the plaintiff payment of his fare.   The
plaintiff stated his belief that the ticket was good, and the facts
above related showing why he had no money.   He also said that
it was necessary for him to get to Salem that morning; that he
expected there to receive money; that he would pay him the

fare on his return at night; and that he might keep the ticket as security. Other passengers stated, in the hearing of the conductor, that he had carried them on return tickets like this one, and he made no denial. But the conductor refused to accept the plaintiff's offer, and called him opprobrious names, which he repeated at times until the train reached Salem. In the mean time, the conductor had telegraphed to Salem to the police there, and, on the arrival of the train at Salem, several police officers at once entered the train, before the plaintiff had left it, arrested the plaintiff, and removed him to the police station in Salem, the conductor having pointed him out as the person to be arrested for having evaded his fare. The conductor followed to the police station, where he signed and swore to a complaint charging the plaintiff with fraudulently evading his fare by then and there leaving a certain car of said company in which he, the said Krulevitz, was then and there a passenger, without having paid said fare. On this complaint the plaintiff was confined in the police station for the space of twelve hours, when he procured bail. About two weeks afterwards, the complaint was tried, the conductor appearing as a witness against the plaintiff, who was acquitted.

The conductor had been in the habit of taking round trip tickets in cases like this. He was acting under the orders and rules of the defendant in making the arrest, complaint, and prosecution. It was not contended that the conductor used unnecessary force in making said arrest or imprisonment, nor that the plaintiff was in fault, except by not paying his fare when demanded. No other contract for fare was made, or relied on by the plaintiff, except in offering said ticket.

Upon this offer of proof, the defendant asked the judge to rule that the action could not be maintained. The judge so ruled, and ordered a verdict for the defendant. If this ruling and order were right, judgment was to be entered on the verdict; otherwise, the verdict is to be set aside, and a new trial granted.

*E. J. Sherman & C. U. Bell*, for the plaintiff.

*F. L. Evans*, for the defendant, cited *Cheney* v. *Boston & Maine Railroad*, 11 Met. 121 ; *Boston & Lowell Railroad* v. *Proctor*, 1 Allen, 267 ; *Coleman* v. *New York & New Haven Railroad*,

106 Mass. 160; *Shedd* v. *Troy & Boston Railroad,* 40 Vt. 88; *Johnson* v. *Concord Railroad,* 46 N. H. 213; *Keeley* v. *Boston & Maine Railroad,* 67 Maine, 163; *State* v. *Campbell,* 3 Vroom, 309.

C. ALLEN, J. The defendant's counsel contends that the ticket did not entitle the plaintiff to be carried the second time from Lawrence to Salem; and the cases cited by him well support this proposition. The plaintiff, indeed, no longer controverts it; but now insists that he may nevertheless prevail by proving that the conductor acted without probable cause and maliciously, and that there was sufficient evidence for the jury on these points; and in this we agree with him. *Ripley* v. *McBarron,* 125 Mass. 272. Want of probable cause and malice on the part of the conductor, if established, may be imputed to the corporation. *Reed* v. *Home Savings Bank,* 130 Mass. 443. But the report does not show whether the conductor believed or disbelieved the plaintiff's story, or whether he was acting in good faith in causing the arrest and making the complaint. His honest and reasonable belief is a necessary element in determining the questions of probable cause and malice, and, since this is not found in his favor, there must be a new trial. *Good* v. *French,* 115 Mass. 201, 203. *Bacon* v. *Towne,* 4 Cush. 217, 239.

*New trial granted.*