EDMOND L. CHEEVER vs. JOSEPH L. SWEET & others.

Bristol.   October 22, 23, 1889. — February 27, 1890.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Malicious Prosecution — Probable Cause.*

In an action for malicious prosecution against four, two forming a firm of manu-
facturing jewellers, in procuring an indictment for breaking and entering the
firm's shop to steal its jewelry, and for burning the building, the plaintiff's
evidence showed that he had been a partner and knew the premises, but had
become a competitor; that he lived near by and was at the fire; that suspicion
at once fell upon him; that, assuming to be a criminal, he arranged with a
detective investigating the case to dispose of stolen goods which he said he had,
as well as proposed to break into other shops where like jewelry was made;
that like jewelry was found concealed in a place visited by him under suspicious
circumstances; that the detective and a local officer declared they believed him
guilty; and that the district attorney and the grand jury instituted the prose-
cution. As to three defendants, including one of the partners, the plaintiff's
evidence further showed, that a combination safe which had contained the
stolen jewelry, and which was found locked immediately after the fire, had
been opened by one having a key and a knowledge of the combination, which
latter was known apparently only to the firm and its clerk; and that the finding
of the concealed jewelry was, by advice of the detective, kept secret till the
firm had settled with its insurers. *Held,* that the evidence would not warrant
a finding, as to such three defendants, of want of probable cause in instituting
the prosecution.

The evidence in the same action as to the remaining defendant and partner was
further, that on the morning after the fire he said, "We've been robbed," and
afterwards, "We have not been robbed"; that he asked a person to conceal
some valuable dies until after the insurance men had been there, and he concealed
them; that two or three days later he said to such person that he had made
several thousand dollars by the fire, that a detective had "worked" the plain-
tiff, and if there was money to put the plaintiff in jail he would go there, and
that he wished he had the detective "work" an easier man; and that just before
the plaintiff was tried on the indictment this defendant twice offered the person
concealing the dies money to go away, and not to testify for the plaintiff in the
action. *Held,* that as to such defendant there was evidence to be submitted
to the jury upon the question of probable cause.

TORT against Joseph L. Sweet, Robert F. Simmons, James
H. Healey, and John T. Healey, the last two doing business
under the name of Healey Brothers, for malicious prosecution
in procuring an indictment against the plaintiff to be found
by the grand jury, upon the trial of which he was acquitted,
charging him with breaking and entering a building occupied

by that firm, with intent to steal certain jewelry manufactured by them, and with burning the building in the night-time.    At the trial in the Superior Court, *Thompson*, J., ruled that the plaintiff upon his evidence was not entitled to recover, and ordered a verdict for the defendants ; and the plaintiff alleged exceptions.    The nature of the evidence appears in the opinion.

J. *Brown*, for the plaintiff.

A. A. *Ranney*, (*J. M. Morton* with him,) for the defendants.

C. ALLEN, J.    If it be assumed, in favor of the plaintiff, that the defendants might properly be found upon the evidence to have instituted the prosecution against him, it was further incumbent on him to prove affirmatively that it was instituted maliciously and without probable cause ; and it was for the court to determine whether there was sufficient evidence to sustain this burden.    *Donnelly* v. *Daggett*, 145 Mass. 314.    That is to say, it was incumbent on the plaintiff to show affirmatively that the defendants had no reasonable ground to believe him guilty.

If it be further assumed, as a fact in the case, that the defendants themselves were innocent of all complicity in the supposed crime, and that there had been a criminal breaking and entering of the premises of the Healey Brothers, and a larceny therefrom, and a criminal setting fire to the building by some person other than themselves, the evidence was not sufficient to show affirmatively that the defendants had no reasonable ground to believe the plaintiff guilty.    The evidence disclosed many circumstances pointing to him.    The plaintiff had formerly been a partner of the Healey Brothers, and had left them, and was doing business in competition with them; he was well acquainted with the premises; his general way of life would rather invite than repel suspicion; he lived near by, and was present at the fire ; the suspicion of other persons was immediately directed towards him ; to the detective employed to investigate the case he assumed to be a criminal, and told him that he had stolen property, and arranged with him about disposing of it in Boston ; several bags of jewelry, like that which was in the shop of the Healey Brothers, were found among the bushes on the border of a pond near by, and the place was watched, and the plaintiff was seen to go there under suspicious circumstances ; he also proposed to the detective to break into

two other shops where similar jewelry was made; the detective, and the local officer, Dunham, both declared their belief that he was guilty, and the evidence which was laid before the district attorney was also sufficient to lead him and the grand jury to the opinion that it was a proper case for a prosecution. Taking these various circumstances together, and assuming that the defendants were not themselves in any manner privy to the commission of the various acts charged upon the plaintiff, there was sufficient ground for suspecting the plaintiff, and for instituting a prosecution against him.

But the plaintiff, in order to meet this aspect of the case, contends that the defendants did not have an honest belief that he was guilty, and that one or more of the defendants themselves were parties or privy to the acts charged upon the plaintiff, and therefore knew that the plaintiff was innocent. The circumstances relied upon in support of this charge, as against three of the defendants, are that the safe containing the jewelry was not broken into, but was opened by some one who had a key, and knew the combination; that it was found locked immediately after the fire; that the combination was known only to the Healey Brothers and to their clerk; and that when the jewelry was found on the border of the pond, the fact of its discovery was kept secret until after a settlement with the insurers. The evidence was not clear that the combination to unlock the safe was known only to the Healey Brothers and to their clerk, nor did it appear whether it would be easy or difficult to open the safe; and an explanation was given of the concealment of the finding of the jewelry, namely, that the detective advised it. These circumstances were not sufficient to warrant a finding that these three defendants were parties or privy to the acts charged upon the plaintiff, and thus to show that they did not have an honest belief that he was guilty.

The plaintiff further called a witness, Paginton, whose testimony, if believed, had a tendency, when taken in connection with the other evidence, to incriminate the other defendant, John T. Healey. This testimony was to the effect, that on the morning after the fire this defendant said, " We 've been robbed," and then said, " We have not been robbed "; that he asked Paginton to conceal some dies, worth from two to three hundred dollars,

until, after the insurance men had been there; that the dies were accordingly concealed by Paginton; that three or four days afterward this defendant told him that they had made three thousand dollars by the fire, and that a detective had worked Cheever, and if there was money to put him in jail he would go there; that he wished he had the detective to work one Skinner, who would have been an easier man to work; and that just before the trial of Cheever on the indictment this defendant twice offered the witness twenty-five dollars to go away, and not to testify for Cheever. It is not for us to consider to what extent the jury might have discredited this witness, unless palpably and clearly his testimony was entitled to no credit. As to the defendant John T. Healey, it seems to us that the plaintiff was entitled to go to the jury upon the question of probable cause. If Healey was innocent, then he would stand with the rest; if he was guilty, of course it could not be said that he had an honest and reasonable belief that the plaintiff was guilty.

It was also necessary for the plaintiff to show that this defendant took part in the institution of the prosecution against the plaintiff. If it be assumed that he knew that the plaintiff was innocent, his acts were sufficient to warrant a jury in holding him responsible for the prosecution, because in that case it could not be said that he honestly and in good faith laid the facts which were within his knowledge or possession before the public prosecutor, with a view to enable him to judge fairly of their weight.

The result is, that as to the other three defendants the exceptions are overruled, but as to the defendant John T. Healey they are sustained.

*Exceptions sustained.*