## DOANE *v.* ANDERSON.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

1. EXECUTION OF SEARCH-WARRANT—TRESPASS AGAINST THE PERSON.

The complaint alleged and the evidence showed that defendant had falsely accused plaintiff of theft, and maliciously, and without probable cause, procured a warrant to search plaintiff's house and person, and had caused it to be executed by a search of her house, and in such manner as to grossly humiliate her. *Held,* that a trespass was sufficiently shown for which defendant was liable, and that it was unimportant whether the action be considered as one for libel, for slander, for false imprisonment, or malicious prosecution.

2. MALICIOUS PROSECUTION—EVIDENCE.

Where it did not appear that certain diamonds, alleged by a female boarder to have been stolen from her, were in fact missing at all, and that defendant, who had procured a warrant to search plaintiff's boarding-house for their recovery, had formerly paid his attentions to plaintiff, but had lately become attentive to such female boarder, and defendant himself testified that he could not honestly believe that plaintiff stole the diamonds, the evidence was sufficient to justify the jury in finding a verdict against defendant for maliciously causing a search of plaintiff's premises and person for the recovery of the diamonds.

3. SAME—EXCESSIVE DAMAGES.

A verdict for plaintiff for $2,500 damages for maliciously causing a search of plaintiff's premises and person for the recovery of diamonds alleged to have been stolen, wherein plaintiff, a young woman, was compelled to disrobe herself in the presence of the constable, and to submit to the insertion of his fingers in her hair in the progress of his search, was not excessive.

Appeal from circuit court, Orange county.

Action by Bertha K. Doane against Gustaf A. Anderson. From a judgment for plaintiff, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*John M. Gardner,* for appellant.     *William D. Dickey,* for respondent.

PRATT, J.   The case of *Blodgett* v. *Race*, 18 Hun, 132, more than justified the learned trial judge in holding that the magistrate had no jurisdiction, and that no probable cause was disclosed by defendant to him on the application for the warrant to search the plaintiff's house and person.   But the fact of a warrant, regular on its face, justified and protected the constable in making the search.   Hence the plaintiff had no remedy against the constable; but she was, nevertheless, subjected to gross indignity without lawful authority; and, since the constable was protected, it follows as a matter of course that the magistrate and the defendant, who wrongfully induced him thus to act, are the parties who really did and are responsible for the wrong.   It was not a matter of any moment on the trial, nor is it now, to determine the precise classification or nomenclature of this cause of action.   The defendant seems to proceed on the theory that it was either libel or slander on the one hand, or false imprisonment or malicious prosecution on the other.   But the allegation of false and defamatory words charging crime spoken by defendant to the magistrate did not make this a case of slander, nor did the fact that they were reduced to writing make it libel, nor did the allegation of want of probable cause make a case of malicious prosecution; but, all taken together, did show that, by means of false and perhaps malicious statements charging crime, the defendant, without probable cause, induced this magistrate, without jurisdiction, to do a wrongful act,—*i. e.*, the issuing of this search-warrant,—the natural consequence of which was to cause the constable, without authority of law, to invade the privacy of plaintiff's apartments, to grossly humiliate her, to compel her to undress before him, and even to suffer him to put his fingers through her hair in searching for diamonds which it was falsely alleged had been stolen from a Mrs. Pohl.   Here, then, was a trespass by defendant and the magistrate; and, if it was done with what the law regards as malice, then this verdict was none too large; for this plaintiff could not have been subjected to coarser indignity if she had been a thieving prostitute.

Now, on the question of malice.   It is quite apparent that there was evidence which justified the action of the jury.   Defendant testified that "he could not honestly believe that Mrs. Doane stole the diamonds."   Besides, it was conceded that Mrs. Pohl, the owner of the diamonds, once declared that she had put them in a safe-deposit company in New York.   Her excuse for the declaration was that she wished to mislead the other folks in plaintiff's boarding-house as to her custody of the diamonds; the suggestion being that there would be less danger of loss by larceny.   But it thus plainly became a question of fact which of her statements was true.   The jury may well have found that Mrs. Pohl's diamonds were never stolen at all.   This fact, and the further fact that defendant did not believe that plaintiff had stolen them any way, quite justified the inference of malice.   And, besides that, defendant was previously a sort of beau of plaintiff's, and was now attentive to Mrs. Pohl.   Then, again, his only excuse was that he was performing an act of gallantry towards Mrs. Pohl in making this complaint,—that is to say, in starting the legal machinery which resulted in compelling this girl to undress before a constable, and let him rummage with his fingers through her hair.   Besides this, it is quite evident that defendant's counsel made quite serious effort to show that plaintiff's associations in the city were not quite what they ought to have been.   Taking all the circumstances together, especially the fact that defendant was formerly a sort of beau to her, and that, therefore, in his estimation, she was good enough for him, it is not surprising that the jury proceeded on the theory of malice, and not a little of it, either.   These views sufficiently indicate the reasons why we think this verdict about right.   There were no exceptions to the charge, and none during the trial, save such as have been incidentally considered, though not discussed in detail.   The judgment should be affirmed, with costs.