## LOUIS LONDY *vs.* LUCY M. DRISCOLL.

Suffolk. December 15, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Malicious Prosecution — Probable Cause — Credibility of Evidence —
Law and Fact.*

In an action of tort for the alleged malicious arrest of the plaintiff, the credibility
of the evidence and the facts to be drawn from it by inference are for the jus-
tice who tries the case without a jury, and the question of probable cause is
one of fact.

TORT, for malicious prosecution and arrest. Trial in the
Superior Court, without a jury, before *Blodgett,* J., who found
for the plaintiff; and the defendant alleged exceptions, which
appear in the opinion.

*R. W. Hunter,* for the defendant.

*W. A. Buie,* for the plaintiff, was not called upon.

BARKER, J. The evidence tended to show that the plaintiff
was a resident of Boston, with a place of business there upon a
well known street, with his name, place of business, and board-
ing place in the city directory, and that he was assessed for taxes
in the city, and that he was actually in Boston about seven
months in the year. Also that he was a member of a firm which
had a place of business in Chicago, and that previous to the
arrest he had travelled all over the country and was away much
of the time, and that at the time of his arrest he had an engage-
ment in Providence, Rhode Island, and that very shortly there-
after he went to points outside of the State, and then returned
to Boston for ten days, when he went to Chicago, returning to
Boston again, and then travelled for five or six weeks both in
and out of this State.

The plaintiff and the defendant's husband, who was her agent
in procuring the arrest, were the only witnesses. The defend-
ant's husband had been in the plaintiff's place of business in
Boston several times, but testified that he supposed that the
plaintiff was a resident of Chicago, that he had made inquiries
from various parties as to the plaintiff's whereabouts and learned

that he was in Chicago, and found the plaintiff's name in a list of out of town buyers printed in a Boston newspaper.

It is enough to say, in overruling the exceptions, that the court could give such credence as it chose to the testimony of the defendant's husband, and that even if that testimony was true the court was not precluded from finding, upon all the evidence, that there was no reason on the part of the defendant or of her agent to believe that good cause existed for the plaintiff's arrest on mesne process. There was evidence looking to two conclusions. The credibility of the evidence, and the facts to be drawn from it by inference were for the court which tried the case without a jury, and the question of probable cause was one of fact. *Mitchell* v. *Wall,* 111 Mass. 492. *Donnelly* v. *Daggett,* 145 Mass. 314, 318. *Connery* v. *Manning,* 163 Mass. 44.

*Exceptions overruled.*