JAMES F. BOYLEN *vs.* FLORENCE A. TRACY.

Bristol.    October 26, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Malicious Prosecution.*

At the hearing by a judge without a jury of an action of tort for malicious prosecution, there was evidence to show that, after a controversy between the plaintiff and the defendant over the question, whether certain articles of personal property, taken from a building of the defendant by the plaintiff as a purchaser from one who had bought the property at a sale in foreclosure of a mortgage of personal property, were fixtures attached to the building and belonging to the defendant, the defendant consulted counsel and then swore out a warrant for the arrest of the plaintiff for larceny and for malicious injury to the building, on which charges, after a trial, the plaintiff was acquitted. The judge found for the plaintiff. *Held,* that

(1) It was a question of fact whether the defendant, in instituting the prosecution, acted with such care and prudence as a reasonable and ordinarily prudent person would have used in the circumstances;

(2) It was a question of fact, whether a fair statement of all the facts was presented by the defendant to his counsel and whether he honestly followed advice, honestly asked for the purpose of vindicating the law;

(3) Want of probable cause, if found, was evidence of malice on the part of the defendant;

(4) It could not be said that the finding for the plaintiff was not warranted.

TORT for malicious prosecution. Writ dated July 21, 1921.

In the Superior Court, the action was heard by *Lummus, J.,* without a jury. There was evidence to show the following facts: The defendant was the owner of certain land and buildings in Taunton, which were occupied as a battery shop by several different tenants at will in turn from March, 1919, to about June 1, 1921, when a local banking institution held a foreclosure sale of all the stock and fixtures in the building and one Marshall bid in the property. A day or so thereafter Marshall sold the property so purchased to the plaintiff. On June 6, 1921, the defendant visited the premises and on the same day wrote to the plaintiff, demanding a return of certain specified fixtures she claimed as belonging to her. The plaintiff, through his attorney, answered on June 7, 1921, and, while admitting that he had removed certain of the property demanded by the defendant, claimed title through his vendor, and refused the defendant's demand. The defendant, after consulting counsel, swore out a complaint charging the plaintiff with larceny and malicious injury to a building. After a trial, the plaintiff was discharged on both counts, and subsequently brought this action.

At the close of the evidence, the defendant asked for the following rulings:

"1. On the law and the evidence the plaintiff is not entitled to recover.

"2. As a matter of law there is not sufficient evidence of defendant Tracy's want of probable cause in making the criminal complaint against the plaintiff herein, and the plaintiff cannot recover.

"3. There is sufficient undisputed evidence for the court to rule as a matter of law that defendant herein had probable cause to make the criminal complaint and the plaintiff cannot recover.

"4. The uncontradicted evidence shows that the defendant herein before making the criminal complaint against the plaintiff herein, consulted counsel, fully disclosed all information she had and acted on the counsel's advice and as a matter of law the plaintiff cannot recover.

"5. As a matter of law there is no evidence of malice on the part of the defendant herein and the plaintiff cannot recover.

"6. None of the defendant's tenants, their vendees, or mortgagees could remove fixtures after the expiration of their tenancies as against the defendant herein, in the absence of express agreement.

"7. The defendant's letter of June 6, 1921, demanding a return of her property and the plaintiff's letter in reply under date of June 7, 1921, refusing same and claiming title furnish undisputed evidence of defendant's probable cause in instituting the criminal complaint and the plaintiff cannot recover."

The rulings were refused. The judge found for the plaintiff in the sum of $150. The defendant alleged exceptions.

*F. E. Knowles*, (*J. B. Tracy* with him,) for the defendant.

*W. E. Kelley*, for the plaintiff, was not called on.

BRALEY, J. This is an action for malicious prosecution tried by a judge of the Superior Court without a jury, and, the plaintiff having recovered, the case is here on the defendant's exceptions to the judge's refusal to rule as requested. The general request, that on the law and the evidence the plaintiff is not entitled to recover, embodies the other requests which in substance state reasons why, the defendant contended, it should have been granted.

The defendant on June 10, 1921, "swore out a complaint in the First District Court of Bristol charging the plaintiff . . . with larceny of certain articles from a building owned by the defendant . . . and with malicious injury to the building." G. L. c. 266, §§ 44, 104. The plaintiff after a trial was found not guilty on each count, and on July 21, 1921, he brought the present action. But, even if the prosecution was terminated by his acquittal, the plaintiff cannot recover unless he offered evidence on which it could be found that the defendant acted without probable cause, and was ac-

tuated by malice. *Shattuck* v. *Simonds,* 191 Mass. 506.
The judge could find that the articles described in the count
for larceny had been purchased by the plaintiff from one
Marshall, a tenant of the defendant, and that they were not
fixtures, as she claimed, but personal property, and that in
the removal of the property the plaintiff did not act wilfully
and maliciously, but under an honest claim of ownership.
The correspondence between the parties, in which the de-
fendant demanded its immediate return, or other steps would
be taken, and the reply of the plaintiff stating at length his
title, were also in evidence. It was a question of fact,
whether the defendant, in instituting the prosecution, acted
with such care and prudence as a reasonable and ordinarily
prudent person would have used under the circumstances.
*Ellis* v. *Simonds,* 168 Mass. 316, 326.

The defendant however offered evidence tending to show
that she acted under the advice of competent counsel. If
this was proved, it was a complete defence. *Donnelly* v.
*Daggett,* 145 Mass. 314, 318. While the burden of proof
was on the plaintiff, the credibility of the defendant, the
only witness who testified to what took place at the con-
sultation, was for the court. *Londy* v. *Driscoll,* 175 Mass.
426. It appeared, among her other statements, that counsel
said the plaintiff had been arrested some months before,
and he was a man who had no property, and that was "one
reason why . . . [she] should have a warrant issued." It
was for the judge to determine whether a fair statement of all
the facts was presented to her counsel, and whether she
honestly followed advice, honestly asked for the purpose of
vindicating the law. *Connery* v. *Manning,* 163 Mass. 44, 47.
We cannot say as matter of law that his adverse finding was
wrong, and, it being settled by *Stone* v. *Crocker,* 24 Pick. 81,
that want of probable cause is evidence of malice, all the
requests for the reasons stated were denied rightly.

*Exceptions overruled.*