## FRANK H. PIHL *vs.* THEODORE A. MORRIS
(and a companion case [1]).

Middlesex.   March 4, 1946. — May 15, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Evidence,* Competency, Privileged communication, Relevancy and materiality. *Malicious Prosecution. Libel and Slander. Agency,* Agent's knowledge, Scope of authority or employment. *Corporation,* Officers and agents. *Error,* Whether error harmful. *Practice, Civil,* Exceptions: whether error harmful.

At the trial of actions for slander and malicious prosecution, evidence of statements, made by the defendant to a police officer, that the plaintiff had committed a theft was not to be excluded on the ground that the statements were privileged communications where the defendant's identity as the informer against the plaintiff and the substance of the accusations had already become a matter of public record through the defendant's instituting a criminal complaint for larceny against the plaintiff.

Want of probable cause and malice sufficient to support an action for malicious prosecution based on a complaint for larceny of a machine, on which the plaintiff was found not guilty, could properly be concluded on evidence warranting findings that the defendant, knowing that the plaintiff had bought the machine on conditional sale and had not stolen it, instituted the complaint in order to force the plaintiff to pay for the machine.

An action for slander might be maintained without proof of special damage on evidence warranting findings that the defendant, knowing that the plaintiff had bought a machine and had not stolen it, maliciously stated to a police officer that the plaintiff had stolen it.

A corporation was bound by the knowledge of its agent respecting certain matters material to causes of action against it for slander and malicious prosecution.

A finding was warranted that an employee of a corporation in charge of its business acted within the scope of his authority in making a defamatory statement that the plaintiff had stolen property of the corporation and in instituting an unfounded complaint for larceny against the plaintiff.

A newspaper article indicating that the plaintiff had been acquitted in a criminal proceeding for larceny would be competent on the issue of damages at the trial of an action for malicious prosecution based on the defendant's having instituted such proceeding.

---

[1] The companion case is by the same plaintiff against Eastern Restaurant Equipment Co.

If á newspaper article, stating that a person of a certain name similar to the plaintiff's had been acquitted of larceny, did not identify the plaintiff as the person referred to, its admission in evidence would not be error prejudicial to the defendant at the trial of an action for malicious prosecution based on the defendant's having instituted the proceeding for larceny.

Two ACTIONS OF TORT. Writs in the Superior Court dated October 14, 1939.

At a trial before *Brogna,* J., there were verdicts for the plaintiff. The defendants alleged exceptions.

*J. C. Johnston,* for the defendants.

*J. W. Vaughan,* for the plaintiff.

QUA, J. The plaintiff has obtained verdicts against both defendants on counts for slander and malicious prosecution growing out of statements by the individual defendant to a police officer of Malden to the effect that the plaintiff had stolen a dish washing machine and out of a complaint for larceny of the machine made by the individual defendant against the plaintiff in the District Court in that city. The individual defendant was an officer of the corporate defendant and was in charge of its business of selling restaurant equipment. There was evidence that at the time of the alleged larceny the corporate defendant was the owner of the machine. The plaintiff was found not guilty by the District Court.

1. The defendants' first contention is that evidence lying at the foundation of each case, to wit, evidence of the statements of the individual defendant to the police officer, necessarily including evidence of that defendant's identity as the informer against the plaintiff, was incompetent on the grounds stated in *Worthington* v. *Scribner,* 109 Mass. 487, at page 488, in these words: "It is the duty of every citizen to communicate to his government any information which he has of the commission of an offence against its laws. To encourage him in performing this duty without fear of consequences, the law holds such information to be among the secrets of state, and leaves the question how far and under what circumstances the names of the informers and the channel of communication shall be suffered

to be known, to the absolute discretion of the government, to be exercised according to its views of what the interests of the public require. Courts of justice therefore will not compel or allow the discovery of such information, either by the subordinate officer to whom it is given, by the informer himself, or by any other person, without the permission of the government." See *Attorney General* v. *Tufts*, 239 Mass. 458, 490–491; *Vogel* v. *Gruaz*, 110 U. S. 311, 316.

We fully recognize the principle set forth in *Worthington* v. *Scribner*, and we agree that it exists for the protection of the public interest and not of a party or a witness. But we are satisfied that the principle does not apply in this case. Here both the identity of the informer and the substance of the accusation became a matter of record the moment the complaint was filed. At the time of the trial of these civil actions there was no longer anything secret or confidential about either the identity of the informer or the accusation made by him. Moreover, in so far as respects the substance of the accusation, the very purpose of giving the information was that it might be used publicly in a criminal prosecution. Wigmore says of the rule illustrated by *Worthington* v. *Scribner*: "The privilege applies only to the identity of the informant, not to the contents of his statement as such, for, by hypothesis, the contents of the communication are to be used and published in the course of prosecution. Much less does the privilege apply to prevent merely the proof of contents which have already been 'de facto' disclosed, — as in an action against the informant for libel. To deny production in such a case is in effect to declare that the libel is privileged from liability. . . . the action should not be defeated by an evasion which pretends to keep secret that which is not secret. . . . If the identity of the informer is admitted or known, then there is no reason for pretended concealment, and the privilege of secrecy would be merely an artificial obstacle to proof." Wigmore on Evidence (3d ed.) § 2374, pages 753, 754, 755. In *Commonwealth* v. *Congdon*, 265 Mass. 166, at page 175, this court said that the principle of *Worthington* v. *Scribner* "does not apply

when the informer is known or when the communication has been divulged." See *Wheeler* v. *Hager*, 293 Mass. 534, 536; *Robinson* v. *Van Auken*, 190 Mass. 161, 166.

2. There was evidence for the jury on the count for malicious prosecution in each case. There was evidence of want of probable cause. The plaintiff testified that he bought the machine on conditional sale from the corporate defendant through a son of the individual defendant, who in the latter's absence was a salesman in the employ of the corporate defendant in charge of its business, and that the plaintiff received from the corporate defendant but later lost a bill of sale for the machine. The plaintiff's wife testified that she had seen an invoice from the corporate defendant referring to a dish washing machine. If the jury believed this evidence they could find that the corporate defendant knew that the plaintiff had not stolen the machine but had bought it, and from this evidence, taken in connection with a letter to the plaintiff signed by the individual defendant in which he referred to "the machine you have acquired from my son" and in which he asked for "the money or the machine" and said nothing about any theft, they could find that he also knew that the plaintiff had bought the machine. Belief by the defendant in the plaintiff's guilt to the extent of "an honest and strong suspicion" is a necessary part of probable cause. *Bacon* v. *Towne*, 4 Cush. 217, 239. *Keefe* v. *Johnson*, 304 Mass. 572, 579. *Higgins* v. *Pratt*, 316 Mass. 700, 709, and cases cited. The jury could find that neither defendant entertained such belief. Malice also could be inferred from the same evidence and from want of probable cause. *Boylen* v. *Tracy*, 254 Mass. 105, 108. On conflicting evidence, including correspondence between the parties, the jury could take the view that the prosecution was instituted merely as a means of forcing payment by the plaintiff for the machine he had bought. *White* v. *Apsley Rubber Co.* 194 Mass. 97, 99.

3. There was evidence for the jury on the slander count in each case. The defamatory statements were accusations of crime and therefore were actionable without proof of special damage. *Crafer* v. *Hooper*, 194 Mass. 68, 72. *Craig*

v. *Proctor,* 229 Mass. 339, 341. *Friedman* v. *Connors,* 292 Mass. 371, 373–374. They do not appear to have been made to a magistrate or judge during the course of judicial proceedings, as were the defamatory statements in *Laing* v. *Mitten,* 185 Mass. 233, cited by the defendants. They were only conditionally privileged. *Brow* v. *Hathaway,* 13 Allen, 239. *Robinson* v. *Van Auken,* 190 Mass. 161, 166. *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 234. *Pion* v. *Caron,* 237 Mass. 107, 110. *Bander* v. *Metropolitan Life Ins. Co.* 313 Mass. 337, 343. And there was evidence, as hereinbefore stated, of actual malice on the part of the defendants.

4. The corporate defendant was bound by the knowledge of its agents, and the jury could find that the acts of the individual defendant in making the defamatory statements and in instituting the prosecution were performed by the individual defendant as the agent in charge of the business of the corporate defendant, which was the party primarily interested, and within the scope of the agent's authority. *Mills* v. *W. T. Grant Co.* 233 Mass. 140. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 106.

5. We think there was at least no reversible error in admitting "on the question of damages" a copy of a Malden newspaper stating that Frank "Phil" of "Malden" was "acquitted upon trial of larceny," even though the paper misstated the last name of the plaintiff, and even if his residence was in Arlington and not in Malden. The record discloses nothing more of the contents of the newspaper article than as above stated. If there was anything in it, taken in connection with the circumstances, that would identify to readers the plaintiff as the person prosecuted, the evidence would be competent as having some bearing upon the degree of humiliation suffered by the plaintiff from the prosecution, if for no other reason. But if there was nothing in it by which the plaintiff could be identified as the person referred to, we think its admission did not injuriously affect the substantial rights of the defendants. The jury would naturally infer some newspaper notoriety from the fact of prosecution, and it was helpful to the

defendants rather than otherwise to have the jury know that the article did the plaintiff less harm than was to be expected.                    *Exceptions overruled.*