Jeffrey L. MADISON, Plaintiff,
Appellant,

v.

George W. MANTER et al., Defendants,
Appellees.

No. 71-1028.

United States Court of Appeals,
First Circuit.

April 28, 1971.

Daniel F. Featherston, Jr., Boston, Mass., with whom Francis C. Lynch, Jr., Springfield, Mass., was on brief, for appellant.

Richard W. Renehan, Boston, Mass., with whom Hill & Barlow, Boston, Mass., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an action under 42 U.S.C. § 1983 for damages for illegal search and seizure and arrest. The complaint was dismissed for failure to state a claim upon which relief may be granted. After the dismissal plaintiff moved to amend by adding two paragraphs. The district court denied the motion, "for the reason that the complaint as [if] amended fails to state a claim." Plaintiff appealed. Inherent in this appeal is what plaintiff meant by the new allegations.

The complaint alleges that the plaintiff Madison was a resident of West Tisbury, Massachusetts; that the defendants Manter, Bunker and Maida were local police officers; that the defendants Bunker and Maida observed a (smoker's) pipe on the floor of plaintiff's parked car; that, without entering the car, they concluded that the pipe contained a residue of marijuana;[1] that they reported this belief to the defendant Manter; that Manter prepared an affidavit and filed an application for a search warrant based on this report; that the search warrant was issued; that plaintiff's car was searched and the pipe taken; that a chemical analysis proved that there was in fact marijuana in the pipe; that criminal proceedings were instituted against plaintiff in the

1. We accept plaintiff's statement before us that this meant, in fact, ash, partly consumed marijuana, and shreds of unconsumed marijuana.

state court; that thereafter the court ordered the evidence suppressed and that, as a result, the proceedings were dismissed.

■■ In the proposed complaint it is alleged that "defendants knew or should have known that they did not have * * * probable cause [for the issuance of a search warrant]." There is a substantial difference between a claim that the defendants knew that probable cause was lacking, and that they should have known. The one supports a finding of malice; the other simply of negligence. Upon our pointing out the difference, and the single tenor of his brief, plaintiff conceded that he was not claiming "knew" and that he really meant to charge negligence. We so take the complaint, and assume that plaintiff could, conceivably, establish that although defendants proved to be right in their diagnosis of the contents of the pipe, they were lucky rather than skillful.[2]

In sum, the complaint charges that defendants in good faith, but negligently, sought a search warrant upon an affidavit that they believed was sufficient, as did the clerk of court in issuing the warrant, but which in law was insufficient; that as a result plaintiff was arrested and criminal proceedings were instituted against him, which failed because of the inadequacy of the affidavit. The question, accordingly, is whether *negligent conduct, often sufficient to create tort liability,* and hence to support section 1983 actions, Whirl v. Kern, 5 Cir., 1969, 407 F.2d 781, cert. denied 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177; *cf.* Monroe v. Pape, 1961, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492, should not have that effect, for reasons of policy, in the case of a police officer applying for a warrant.

Plaintiff concedes, as we believe he must, that a private citizen who seeks a warrant under such conditions would not be liable. We see no basis for distinguishing that from a citizen seeking a complaint leading to arrest and criminal prosecution. Boylen v. Tracy, 1925, 254 Mass. 105, 149 N.E. 674; Krulevitz v. Eastern R.R., 1886, 140 Mass. 573, 5 N. E. 500. Plaintiff concedes that under a section 1983 action he remains bound by Massachusetts common law as to privilege, Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, at least unless Massachusetts law is substantially out of line with common law immunity elsewhere. It is not. *E. g.,* MacRae v. Brant, 1967, 108 N.H. 177, 230 A.2d 753; Konas v. Red Owl Stores, Inc., 1965, 158 Colo. 29, 404 P.2d 546; Doane v. Anderson, 1891, 60 Hun 586, 15 N.Y. S. 459 (Sup.Ct.). As a matter of general law, police officers charged with improper prosecution must also be shown to have been malicious. Bobsin v. Kingsbury, 1885, 138 Mass. 538. In effect, plaintiff wants to establish a special rule for a police officer who obtains an improper search warrant.

■■ The reason a private citizen is not to be charged for negligence if he *acts in good faith is said to be that any stricter rule would discourage proper action.* See Pihl v. Morris, 1946, 319 Mass. 577, 578–579, 66 N.E.2d 804; W. Prosser, Torts § 113, at 852, 867 (3d ed. 1964); *cf.* Lounder v. Jacobs, 1949, 119 Colo. 511, 205 P.2d 236; Joseph v. Baars, 1910, 142 Wis. 390, 125 N.W. 913. Plaintiff says that a police officer is hired to protect the public, and if he is negligent in seeking a warrant he has failed in his undertaken duty. Apart from the fact that plaintiff has no authority to support liability, we find his concept of a policeman's duty a very narrow one. A police officer has a much larger public to protect than the individual who, in good faith, he suspects of a crime. He, too, may be discouraged from seeking warrants if the

---

2. Later in the oral argument plaintiff suggested defendants may have been "grossly reckless." Without suggesting that gross negligence would warrant recovery, we do not accept that possible interpretation, either of the pleadings or of the facts alleged.

cost is a suit for negligence. The individual who is the object of a warrant has a more single-minded protector—the official whose duty it is to screen the application before issuing the warrant. This is the very purpose of the warrant procedure. It must be enough. We decline to place upon policemen acting in good faith the risk of personal liability if that official makes a negligent mistake. *Cf*. Kelley v. Dunne, 1 Cir., 1965, 344 F.2d 129, 133.

Affirmed.