**STADIUM FILMS, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**Joseph R. BAILLARGEON, etc.,**
**Defendants-Appellees.**

**No. 76–1129.**

United States Court of Appeals,
First Circuit.

Argued June 3, 1976.

Decided Sept. 23, 1976.

Richard A. Boren, Providence, R.I., with whom Jordan Stanzler, Milton Stanzler and Abedon, Stanzler, Biener, Skolnik & Lipsey, Providence, R.I., were on brief, for plaintiffs-appellants.

Aram P. Jarret, Jr., Asst. City Sol., Woonsocket, R.I., for defendants-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This case presents a narrow question about the propriety of a directed verdict granted to police officers who were sued under 42 U.S.C. § 1983 for seizing a number

of films pursuant to search warrants which they allegedly knew to be constitutionally deficient. Defendants are two commanders of the Woonsocket (R.I.) police force who participated in procuring the warrants, and the chief of police. Plaintiffs are the corporate owner of a movie theater in Woonsocket and its cashier. The two warrants were signed by a Rhode Island Superior Court justice and a Rhode Island District Court judge respectively.

The application for each warrant recited that a Superior Court justice in a recent civil proceeding had declared a number of movies to be obscene, and that the films sought by the warrant had been viewed by the affiants and found to be "of the same type". The district court ruled that the seizures were unlawful, reasoning that the warrants which provided the authority for the actions were not sufficient to satisfy the standards of *Heller v. New York*, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), since (1) the warrants "were not issued after a determination of probable cause by a neutral magistrate, but on the conclusory allegations of individual policemen", and (2) "not merely a single copy of the film was seized, but rather all copies and the projectors used to show them." Accordingly, the district court enjoined the defendants from relying on these, or any similarly defective, warrants to take any further legal action against plaintiffs or their property. The validity of this ruling is not questioned on appeal.

After selecting a jury for the trial on damages, but before the jury heard any evidence, the district court required an offer of proof from plaintiffs as to defendants' liability for money damages. Plaintiffs offered to prove facts which, in their view, established that the officers knew or should have known of the existence of the constitutional infirmities found by the district court: (1) that the Woonsocket police had previously proceeded in an obscenity case through a civil action against the films

themselves under a Rhode Island statute authorizing such in rem proceedings; and (2) that plaintiffs' attorney sent a legal memorandum on the inadequacy of the first search warrant to the chief of police prior to the second seizure.* The district court concluded that these facts, if established, would not constitute sufficient evidence of defendants' bad faith to permit plaintiffs to recover damages and, accordingly, it directed a verdict for defendants. We believe the district court's action was correct.

■ To the extent that plaintiffs' evidence was directed at establishing that defendants "should have known" that the warrants were constitutionally inadequate, it was irrelevant. Under the prevailing view in this country, a peace officer may not be held liable in damages for making negligent errors of law in seeking or executing a search warrant. *See Madison v. Manter*, 441 F.2d 537, 538 (1st Cir. 1971) and cases cited. *See also Scott v. Dollahite*, 54 F.R.D. 430, 434 (N.D.Miss.1972); *cf. United States v. Barker*, 44 U.S.L.W. 2545 (D.C. Cir., May 17, 1976) ([A] mistake of [law] in relying on a magistrate's approval of a search [warrant] can be considered virtually per se reasonable.). Since Rhode Island law is in accord with the prevailing rule, *see Atkinson v. Birmingham*, 44 R.I. 123, 116 A. 205 (1922), defendants are immune from liability in damages even if they should have known that the warrants were insufficient. *Madison v. Manter, supra* at 538. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *cf. Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

■ Plaintiffs, however, urge that their proof was sufficient to create a jury issue on the question whether defendants actually knew of the defects in the warrant. We disagree. The fact that defendants had, at one time in the past, utilized the statutory in rem procedure does not tend to establish that they knew that a less elaborate procedure was constitutionally inadequate. Indeed, a seizure pursuant to a warrant based

---

* An initial offer to show knowledge from interoffice memos and LEAA (Law Enforcement Assistance Administration) bulletins was apparently abandoned when the judge pressed counsel for memos specifically dealing with relevant search and seizure procedures.

upon sufficiently detailed affidavits could be constitutionally permissible. Since the defendants' prior use of the in rem procedure in no way demonstrates that the defects in the particular warrants—the conclusory nature of the affidavits upon which they were based, the inclusion of the projectors, and the possibility that too many copies of the films were taken—were actually known to be such to them, the first piece of evidence was properly found to be insufficient.

█ Nor can it be said that knowledge of *Heller's* requirements could have been reasonably found from the delivery of the legal memorandum which was written by plaintiffs' counsel. Were legal memoranda from counsel to enforcement officials generally to suffice as a basis for a jury finding of bad faith, officials would be placed in the untenable position of making and being responsible for a legal opinion, even though a magistrate were to approve the issuance of a warrant. Particularly here, where a justice of the Superior Court, who approved the first warrant, had reached a conclusion that the seizure could validly be made, a jury could not reasonably find that defendants knew that counsel's memorandum of law accurately stated the law as applied to the circumstances of the particular seizures.

█ Plaintiffs seek to object, for the first time on appeal, that the district court improperly placed the burden of producing evidence of bad faith (or knowledge of the defects in the affidavits) on them. Our own precedents have placed this burden on the plaintiff in a § 1983 action for damages. *Gaffney v. Silk,* 488 F.2d 1248, 1250–51 (1st Cir. 1973); *see Madison v. Manter, supra.* We are aware that other circuits have taken a contrary position. *See Skehan v. Bd. of Trustees,* 538 F.2d 53 (3d Cir. 1976) (en banc). But we have no occasion here to reexamine our position, for it is clear that no manifest injustice has been done. Even had the issue of burden of production been raised, and had defendants been required to produce evidence of their good faith, their simple denial of knowledge of the invalidity of the warrants would have sufficed and

the evidence offered by plaintiffs would still have failed to present a jury issue.

*Affirmed.*