KERMIT CONSTRUCTION CORP.,
Plaintiff, Appellant,

v.

BANCO CREDITO Y AHORRO PONCE-
NO et al., Defendants, Appellees.

No. 76–1242.

United States Court of Appeals,
First Circuit.

Submitted Nov. 9, 1976.

Decided Dec. 29, 1976.

**2**

Rafael L. Franco Garcia, San Juan, P.R., on brief for appellant.

William E. Naveira, San Juan, P.R., on memorandum for appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant charges in his complaint that the defendants, a bank, a construction corporation, and a court-appointed receiver, conspired to put the corporation into receivership and so avoid paying a corporate debt to appellant. The complaint points to a few procedural flaws in the receiver's appointment as evidence of conspiracy. Since the complaint was filed in June, 1975, the case has followed a tortured path to this court. The receiver moved to dismiss in October, 1975, but mistakenly sent a copy of the motion to the wrong post office box. Appellant, naturally enough, did not respond to the motion. The court granted the motion in January, 1976. Appellant persuaded the court to vacate that judgment because of the faulty notice, and on February 27, 1976 the court gave appellant 20 days to respond to the original motion to dismiss. No word came until March 23, when the court received appellant's request for more time. The court denied the request and on March 30 it declared its January order and opinion reinstated "with the exception of the last paragraph thereof."

The omission of the last paragraph was significant, for the January opinion and order dealt only with the liability of the receiver and concluded that receivers, like judges, are immune from liability under 42 U.S.C. § 1983. The other defendants were covered by the last paragraph, which gave appellant an additional ten days to file a brief on whether the claims against the bank and corporation should also be dismissed. By omitting this paragraph and by filing a judgment dismissing the case, without distinguishing among the defendants, the trial court made it clear that all claims against all defendants were being dis-

missed. This action, of course, was crucial for our jurisdiction. If the dismissal were read as applying only to claims against the receiver, appellate review would be barred, for the judge did not make the "express determination" required by rule 54(b) when a case is only partially concluded.

One of the appellees has moved for summary affirmance under our local rule 12 arguing that the court properly dismissed the action for failure to prosecute. Fed.R. Civ.P. 41(b); *cf. Asociacion de Empleados del Instituto de Cultura Puertorriquena v. Rodriguez Morales,* 538 F.2d 915 (1st Cir. 1976). But we are in some doubt. The district court finally issued an opinion on the merits, but the opinion addressed only the case against the receiver. Without any express indication that the court relied on rule 41(b), and without any expressed rationale for invoking the serious sanction of dismissal under that rule, *see Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir. 1971), we are reluctant to decide the appeal as if the only question were whether the court acted within its discretion under the rule.

█ We turn, therefore, to the merits. The district court decided that receivers are court officers who share the immunity awarded to judges. At common law, this was true, and the role of a receiver in Puerto Rican law is not so different that another rule is likely to apply. *See Davis v. Gray,* 83 U.S. 203, 218, 21 L.Ed. 447 (1862); Clark, *Receivers* §§ 388, 392; *see also* P.R. Laws Ann. 851, 852. The cases under § 1983 have not diverged far from the common law. The Supreme Court has granted absolute immunity to judges, legislators, and prosecutors. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). However, the immunity accorded to policemen, school officials, and high executive officers has been qualified; it can be negated by actions violating a person's "unquestioned constitutional rights" or by acts taken with impermissible

intentions. *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *see also Pierson v. Ray, supra; Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). We need not explore the reasons for these distinctions to decide the present case. At the least, a receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity. To deny him this immunity would seriously encroach on the judicial immunity already recognized by the Supreme Court. *Pierson v. Ray, supra.* It would make the receiver a lightning rod for harassing litigation aimed at judicial orders. In addition to the unfairness of sparing the judge who gives an order while punishing the receiver who obeys it, a fear of bringing down litigation on the receiver might color a court's judgment in some cases; and if the court ignores the danger of harassing suits, tensions between receiver and judge seem inevitable. Other federal courts have reached a similar conclusion. *Bradford Audio Corp. v. Pious,* 392 F.2d 67 (2d Cir. 1968); *Drexler v. Walters,* 290 F.Supp. 150 (D.Minn.1968).

 We need go no further in considering a receiver's immunity. Nothing in this complaint suggests that the receiver was not faithfully and carefully carrying out the orders of the appointing judge. As we have seen, the policy behind absolute tort immunity is to prevent vexing suits against public officials; in order to end the harassment as quickly as possible in appropriate cases, the burden of pleading and of showing the absence of privilege falls on the plaintiff. *Stadium Films, Inc. v. Baillargeon,* 542 F.2d 577 (1st Cir. 1976). Appellant had several opportunities to amend his complaint to meet the claim of privilege; the court relied on this ground in its January order and opinion. Even after that order was reinstated, the plaintiff could have moved under rule 59(e) to remedy gaps in the pleadings. This passivity suggests strongly that plaintiff can plead no facts to counter the receiver's claim of privilege.

The remaining defendants are not so fortunate; they cannot seek the shelter of judicial immunity from liability under § 1983. Although not themselves state officials, the complaint charges that they conspired with the receiver, and this is action "under color" of state law. *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). That the receiver is himself immune from damages makes no difference. We cannot, therefore, say that the complaint does not state a cause of action under § 1983 against the bank and the corporation,* and we cannot affirm a dismissal on the pleadings of the conspiracy claim.

The remaining claims against all defendants were properly dismissed on the pleadings. Section 1985 of title 42 is not applicable here; the complaint does not allege that a racial or other class-based motive influenced the conspirators, *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). If § 1985 does not apply, any claim under § 1986 must also fall. *Dowsey v. Wilkins,* 467 F.2d 1022 (5th Cir. 1972). Finally, the failure to allege racial discrimination is fatal as well to appellant's § 1981 claim. *Cf. Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

*Affirmed in part; reversed and remanded in part.*

---

* Although it is possible to read the complaint as asking for damages under the Fourteenth Amendment as well, the issue was not briefed, and we see no need to reach it. By reversing the trial court's dismissal of the § 1983 claim, we make available a more reliable basis for liability; appellant is not suing a city and is thus unlikely to need a second jurisdictional ground. Appellant's claim against the receiver would fare no better if we recognized the alternative ground; the immunity of various governmental officers from damages under § 1983 rests on policies that apply as strongly to actions based directly on the Fourteenth Amendment.