**KA–HAAR, INC., a Wisconsin Corpora-
tion and Richard C. McCann,
Plaintiffs,**

v.

**Kenneth HUCK et al., Defendants.**

**Civ. A. No. 71–C–461.**

United States District Court,
E. D. Wisconsin.

June 29, 1972.

55

Victor C. Cairo, Racine, Wis., for plaintiffs.

Jack Harvey, City Atty., Racine, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a civil rights action brought under Title 42 U.S.C. §§ 1983 and 1985. Jurisdiction of this court is asserted under Title 28 U.S.C. § 1343.

Plaintiffs are a corporation and one of its officers. They are engaged in operating a tavern in Racine, Wisconsin. In 1970, criminal charges were lodged against an individual, not a party to this action, for soliciting for prostitution in plaintiffs' tavern. Learning of these charges, the Racine Common Council licensing committee, of which defendants Barry, Heck, and Anzalone are members, recommended revocation of plaintiffs' liquor license. Subsequently the City Council revoked the license. Later the individual charged with solicitation was found innocent of the charges.

In this action plaintiffs attack the conduct and procedure leading up to the revocation of the liquor license. They specifically allege that in facilitating the revocation "the acts of the defendants . . . were done wlfully [sic], knowingly, and purposefully with specific intent to deprive plaintiffs of their liquor licenses without due process of law." Relief in the form of money damages is requested.

Defendants have moved to dismiss the action because (1) a similar action was pending in a state court prior to the commencement of this action, (2) defendants did not revoke the license (the City Council did), (3) plaintiffs have failed to exhaust state remedies, (4) defendants are immune from suit under the civil rights statutes, and (5) this action is barred by the statute of limitations. I deny this motion.

■ FIRST. It appears that plaintiffs have filed an action for money damages similar to the instant case in state court. However, this in itself is not grounds for dismissal.

"Where the federal and state courts have concurrent jurisdiction, as, for example, in diversity and general federal question cases, actions *in personam* may proceed concurrently. In other words, as stated in some of the cases 'the rule . . . has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded.' Kline v. Burke Construction Co. [260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922)] * * *." 1A Moore's Federal Practice ¶ 0.221, at 2605–2606.

It does not appear from the complaint that state law will be an issue in this litigation or that this suit will in any way interfere with the state criminal, judi-

cial, or tax process. Defendants are safe from the possibility of a double judgment against them in that the first action decided, whether it be this one or the state one, will be res judicata as to the other.

■ SECOND. The cause of action alleged in the complaint before me rests upon a deprivation of constitutional rights, *not* a deprivation of a liquor license. Thus, whether defendants did or did not revoke plaintiffs' liquor license is of no consequence with regard to the motion before me. The only pertinent question is whether the complaint alleges that defendants infringed, or conspired to infringe, upon plaintiffs' constitutional rights. I find that the complaint meets this test.

■ THIRD. The federal remedies encompassed in the civil rights statutes are supplementary to any state remedies "and the latter need not be first sought and refused before the federal one is invoked." Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).

■ FOURTH. The immunity to civil rights actions granted to municipal representatives is governed by federal law and is of a more limited nature and scope than the immunity granted state legislators and judiciary. Simcox v. Board of Education, 443 F.2d 40 (7th Cir. 1971); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970); Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953); Safeguard Mutual Insurance Co. v. Miller, 333 F.Supp. 822 (E.D.Pa.1971). Defendants can claim "only a qualified immunity, dependent on good faith action." *McLaughlin,* supra, 398 F.2d at 290. Members of a city council are, as Judge Magruder has stat-

ed, "liable in damages for pecuniary harm to a plaintiff intentionally inflicted by action, under color of official authority, which the defendants subjectively realized would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States." *Cobb,* supra, 202 F.2d at 707. The amended complaint before me makes this necessary allegation of willfulness.

■ FIFTH. This action is not barred by the statute of limitations. While § 1983 actions are limited by state limitations on analogous state tort actions, Antieau, Federal Civil Rights Acts § 85, the statutes cited by defendants— Wis.Stats. §§ 227.15, 227.16, and 895.43 —are not applicable. Sections 227.15 and 227.16, Wis.Stats., provide only for judicial review of administrative decisions and do not limit actions sounding in tort. Section 895.43(1), Wis.Stats., provides that:

"No action founded on tort * * * shall be maintained against any * * * officer [of a governmental subdivision] * * * unless within 120 days after the happening of the event * * * written notice * * * is served * * *. * * * *"

Such notice has apparently not been given. However, even assuming that this notice statute is a statute of limitations for purposes of the federal civil rights statutes and assuming that it is constitutional, see Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700 (Feb. 25, 1972), the statute by its own terms excludes the instant case from its scope:

" * * * Nothing in this section shall bar an action or impose limitations in any action against any such officer * * * for intentional torts. * * * *" Wis.Stats. § 895.43(4).