Francis **GAFFNEY** et al.,
Plaintiffs, Appellants,

v.

Norman **SILK** et al., Defendants,
Appellees.

No. 73-1242.

United States Court of Appeals,
First Circuit.

Heard Nov. 8, 1973.

Decided Dec. 27, 1973.

Thomas E. Connolly, Boston, Mass., with whom Schneider & Reilly, Inc., Boston, Mass., was on brief, for appellants.

Martin S. Cosgrove, Quincy, Mass., with whom Francis X. Bellotti, Quincy, Mass., and William J. Carr, Boston, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This action, commenced under 42 U.S.C. § 1983 (1970), seeks to recover damages from the defendant selectmen of the Town of Randolph, Massachusetts, for alleged deprivations of plaintiffs' procedural due process rights. Plaintiffs are two former Randolph policemen who became physically disabled during the performance of their duties, and who, pursuant to Mass. Gen. Laws Ann. ch. 41, § 111F (1968) had been receiving "regular pay" benefits. On September 13, 1971, the defendants voted to immediately terminate payment of these benefits to plaintiffs, without providing them with prior notice of their action, the reasons therefor, or an opportunity to be heard in opposition to the termination. Shortly thereafter, plaintiffs filed suit in the state superior court seeking declaratory and injunctive relief against the selectmen to compel compliance with § 111F. The state court found a violation of this statute, and ordered payment to plaintiffs of all back pay, and continuation of future benefits.

Plaintiffs then brought this § 1983 action for damages, including attorneys' fees, based on defendants' decision to terminate their benefits without providing notice, reasons or hearing. On defendants' motion, filed with their answer, the court dismissed the complaint for failure to state a claim.[1] Thereup-

---

1. Relying essentially on the doctrine of official immunity, the court stated "it is clear that plaintiffs' causes of action arise from municipal officials' judgment and discretion. Therefore the lack of any indication or allegation of purposeful discrimination is fatal to plaintiffs' claims." The court also raised but did not reach the issue of whether the prior state court action barred the claims alleged in the complaint under the doctrine of res judicata.

on, plaintiffs moved to amend the complaint,[2] which motion was denied and this appeal followed.[3]

Section 1983 protects individuals against deprivations of federally protected rights by those acting under color of state law. Until recently, there was substantial case authority for the proposition that this section and its jurisdictional counterpart 28 U.S.C. § 1343(3) were available only to vindicate "personal rights" and could not be employed to remedy violations of property or proprietary rights. *See, e. g.,* Rhodes v. Sigler, 448 F.2d 1237 (8th Cir. 1971); National Land & Inv. Co. v. Specter, 428 F.2d 91 (3d Cir. 1970); Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970). However, in Lynch v. Household Finance Co., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), the Supreme Court, after a careful and detailed review of the legislative history behind the Civil Rights Act, held that §§ 1983 and 1343(3) were applicable to unlawful deprivations of property rights.

In the instant case, the particular property benefits to which plaintiffs are entitled were created and are enforceable entirely by state statute. However, the deprivations which they allege in their complaint concern not the termination of these benefits *per se,* but their termination without the essential requisites of procedural due process— notice, reasons, and a hearing—which are the clear requirements of the fourteenth amendment. *See, e. g.,* Roth v. Board of Regents, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The "regular pay" benefits that had been accorded plaintiffs are "a matter of statutory entitlement for persons qualified to receive them. Their termination involves state action that adjudicates important rights." Goldberg v. Kelly, *supra,* 397 U.S. at 262, 90 S.Ct. at 1017. Consequently, the action of the town selectmen in discontinuing the statutory benefits to which plaintiffs were entitled, without notice, reasons, or a hearing, is a deprivation of federally protected rights within the meaning of § 1983.

Although a complaint sufficiently alleges a deprivation of federally protected rights, money damages may nonetheless be denied where the defendants are protected by the cloak of official immunity. While absolute immunity has been provided to judicial and certain quasi-judicial officers as well as state legislators, the courts have been noticeably reticent about extending such broad protection to lesser legislative and administrative officials such as town selectmen. *See, e. g.,* Harrison v. Brooks, 446 F.2d 404 (1st Cir. 1971); Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953). As to these officials, where independent judgment and discretion are involved, the courts have permitted only a qualified immunity based upon good faith performance of their duties as they saw them. *Id. See also* Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972); Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), rev'd on other grounds sub nom. District of Columbia v. Carlson, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied sub nom. Sostre v. Oswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Young v. Coder, 346 F.Supp. 165 (M.D.Pa.1972). Thus, while a § 1983 action for money damages may be maintained against such officials, plaintiffs have the obligation to sufficiently allege and prove that defendant's conduct was either "purposefully discrimina-

---

2. The amended complaint alleged that defendants acted in a knowing and willful manner, with the intent to purposefully discriminate against plaintiffs.

3. Plaintiffs filed timely appeals from both the original dismissal of the complaint, and the denial of their motion to amend.

tory," Harrison v. Brooks, *supra*, 446 F.2d at 407, "knowing or reckless," *id.*, or "willful," Ka-Haar, Inc. v. Huck, 345 F.Supp. 54 (E.D.Wis.1972). Although there has been some confusion among the courts as to whether these attributes are to be measured by a "subjective" or "objective" standard, *see* Young v. Coder, *supra*, 346 F.Supp. at 168–169; Note, The Defense of "Good Faith" Under Section 1983, 1971 Wash.U.L.Q. 666, 669–672, it is the clear rule in this circuit that liability will attach only where "the defendants subjectively realized [that their action] would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States." Cobb v. City of Malden, *supra*, 202 F.2d at 707 (1953). (Magruder, C. J., concurring).

■■ It is within this legal framework that we must examine the district court's dismissal of the instant complaint on the grounds of official immunity, and its subsequent refusal to grant plaintiffs' motion to amend. As to the latter, we note that while permission to amend a complaint after dismissal of the action rests in the sound discretion of the court, Hurd v. DiMento & Sullivan, 440 F.2d 1322, 1323 (1st Cir.), cert. denied, 404 U.S. 862, 92 S.Ct. 164, 30 L. Ed.2d 105 (1971), rehearing denied, 404 U.S. 961, 92 S.Ct. 321, 30 L.Ed.2d 281 (1971), amendment to correct a deficiency in pleading should be "freely given when justice so requires," Fed.R.Civ.P. 15(a); *see* Bonanno v. Thomas, 309 F. 2d 320, 322 (9th Cir. 1962); Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, 75 (5th Cir. 1961), particularly where the action arises under the Civil Rights Act. *Cf.* Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir.), cert. denied,

400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). Where the amended complaint would state a valid cause of action, a motion to amend should normally be granted. Wright, Federal Courts, 239–240 (1963). *See* Lone Star Motor Import, Inc. v. Citroen Cars Corp., *supra*, 288 F.2d at 77.

The original complaint filed by plaintiffs,[4] while not specifically alleging bad faith or improper motive, did assert that the action taken by the selectmen in terminating their benefits was in "direct violation of law." Moreover, it alleged that after plaintiffs successfully prosecuted their state court action, defendants refused to obey the court's order and complied with it only after contempt proceedings were instituted. The proposed amended complaint reiterated these facts, and added that when defendants terminated plaintiffs' benefits, they acted with "full knowledge" that their conduct was violative of state law. The amended complaint then went on to allege that defendants acted in a willful manner for the purpose of discriminating against plaintiffs.

■ While it may be that the matters alleged in the original complaint did not sufficiently suggest defendants' lack of good faith, so as to overcome their qualified immunity from personal liability, we believe that the allegations contained in the complaint as amended are sufficient to state a cause of action under applicable standards of notice pleading.[5] *See* Ka-Haar, Inc. v. Huck, *supra*, 345 F.Supp. at 56. Consequently we conclude that the district court abused its discretion in failing to grant plaintiffs' motion to amend.

Reversed and remanded for proceedings not inconsistent with this opinion.

4. Separate complaints for the policemen were initially filed, but the district court ordered consolidation of the actions.

5. Clear violation of a state statute, which the amended complaint has alleged, coupled with a subsequent refusal to comply with a court order, may certainly be some indication of defendants' bad faith. When allegations that defendants knowingly and willfully acted in derogation of state law to injure, harass and discriminate against plaintiffs are added, we think that, notwithstanding defendants' qualified immunity, a sufficient claim under § 1983 has been stated.