Raymond **BLAIR** et al., Plaintiffs,

v.

Clarence C. **HAYNES** et al., Defendants.

No. 74 CV 2–SW.

United States District Court,
W. D. Missouri,
Southwestern Division.

May 15, 1974.

James A. Dunn, Carthage, Mo., for plaintiffs.

George C. Baldridge, Joplin, Mo., for defendants.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

The instant action, brought pursuant to 42 United States Code § 1983, involves a claim by two landowners against certain city officials for damages arising from their passage of an illegal annexation proposal encompassing plaintiffs' land. The case presently pends on defendants' motion to dismiss. For the reasons stated below, we conclude that this motion must be granted.

### I.

Plaintiffs' complaint makes the following allegations:

Plaintiffs are residents of Jasper County, Missouri. The defendants include persons who "were purporting to act as Councilmen for the City of Joplin, Missouri," and others who were "purported duly appointed" city officials.

It is further alleged that the "defendants named as City Councilmen" were:

not lawfully entitled to assume the roles and duties of the offices into which they entered for the reason that none . . . ever filed with the Recorder of Jasper County, Missouri, Affidavits of campaign expenditures as provided by the Corrupt Practices Act of the State of Missouri and by virtue of their failing to file said Affidavits as required by the Statutes of the State of Missouri were not entitled to assume the positions of Councilmen for the City of Joplin, Missouri, and any acts performed by vir-

tue of their assumed positions were illegal and void. . . .

The remaining city officials allegedly: were not . . . duly appointed . . . and their acts as such were illegal and void by virtue of the fact that their appointments were made by a council not duly qualified to act.

Plaintiffs' complaint goes on to allege that:

At various times between the year 1967 and April 4, 1972, the defendants and each of them acting in their respective assumed positions . . . have illegally enacted ordinances for the City of Joplin which adversely affect the rights of these plaintiffs and which have taken property owned by these plaintiffs without due process of law, all of said actions on the part of the defendants being done under the assumed authority of the offices to which they have unlawfully and illegally assumed.

The plaintiffs on numerous occasions have complained to the defendants and each of them that the actions purportedly taken by the defendants in enacting purported ordinances which adversely affect these plaintiffs and the enjoyment by these plaintiffs of their property in Jasper County, Missouri, are illegal, void, and of no force or effect, however, all of the complaints made by the plaintiffs have been received by deaf ears and defendants and each of them have intentionally, willfully, and maliciously ignored plaintiffs' complaints.

Based on these averments, plaintiffs seek actual and punitive damages in the amount of $1,874,172.33.

## II.

Federal courts have traditionally been reluctant to involve themselves in controversies arising from the annexation of territory by local governmental units. Indeed, it has been stated that controlling decisions preclude:

[C]onstitutional challenge under the Fourteenth Amendment to annexations by municipal corporations of adjoining territories on the basis of the procedure employed or authorized by the state or because of the pecuniary repercussions in the form of the ordinary incidence of city taxation. Deane Hill Country Club v. City of Knoxville, 379 F.2d 321, 325 (6th Cir. 1967).

See Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); Detroit Edison Co. v. East China Township School District, No. 3, 247 F.Supp. 296 (E.D.Mich.1965), affm'd 378 F.2d 225 (6th Cir. 1966) cert. den. 389 U.S. 932, 88 S.Ct. 296, 19 L.Ed.2d 284 (1967).

The instant case, however, does not involve a direct attack upon the municipal annexation ordinance, but instead seeks damages from the city officials who have promulgated and enforced it. Plaintiffs therefore argue that this case falls within the rule enunciated in Nelson v. Knox, 256 F.2d 312 (6th Cir. 1958), that:

[m]embers of a city council would be liable in damages for pecuniary harm to a plaintiff intentionally inflicted by action, under color of official authority, which the defendants subjectively realized would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States. [256 F.2d at 315, quoting from Cobb v. City of Malden, 202 F.2d 701, 707 (1st Cir. 1953) (Magruder, J., concurring)]

See also Ka-Haar, Inc. v. Huck, 345 F. Supp. 54 (E.D.Wis.1972).

This argument is not tenable. In *Nelson*, the court retained jurisdiction based upon an allegation that the defendant City Commissioners and city officials had intentionally destroyed plaintiff's garage business by passing and enforcing arbitrary discriminatory ordi-

nances. But it also stated that municipal officers had:

[A] qualified privilege, giving them a defense against civil liability, for harms caused by acts done by them in good faith in performance of their official duty as they understood it. [256 F.2d at 315, citing 202 F.2d at 707].

█ In this case, however, it is alleged only that the defendants intentionally remained in office after receiving complaints about their alleged lack of authority to act and that, while so serving, passed laws which affected the plaintiffs' rights. There is no allegation that the defendants intentionally inflicted plaintiffs' alleged damages. Under these circumstances, the complaint does not state a cause of action under § 1983. See Ka-Haar v. Huck, 345 F.Supp. 54, 56 (E.D.Wis.1972).

█ More importantly, the complaint does not allege the deprivation of any federally protected right. In *Nelson*, it was alleged that the city officials had discriminated against the plaintiff in violation of the Fourteenth Amendment. Here, the only allegation is that defendants lacked legal authority to serve in their official positions. It is well established that there is no deprivation of constitutional right arising from the enforcement of a law or other regulation promulgated by a legislative body whose members are later adjudged to be holding office illegally. See, e. g., Ryan v. Tinsley, 316 F.2d 430 (10th Cir. 1963); Dawson v. Bomar, 322 F.2d 445 (6th Cir. 1963); Clay v. United States, 397 F.2d 901 (5th Cir. 1968); United States v. Chaudron, 425 F.2d 605 (8th Cir. 1970); Boggess v. Pence, 321 S.W.2d 667 (Mo.1959). It would be anomolous to hold that, though the law is constitutionally valid, the legislators can be held liable for any pecuniary repercussions resulting from its good faith enforcement.

For these reasons it is

Ordered that defendants' Motion to Dismiss should be and the same is hereby granted.