**Carlos Rivera GOMEZ, Appellant,**

**v.**

**Astol Calero TOLEDO et al., Appellees.**

**No. 78–1546.**

United States Court of Appeals,
First Circuit.

Submitted June 8, 1979.

Decided Aug. 7, 1979.

James A. Toro and Jose Luis Rodriguez Mangual, San Juan, P. R., on brief, for appellant.

Hector A. Colon Cruz, Sol. Gen., and Federico A. Cedo Alzamora, Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The issue before us is whether the district court erred in dismissing this 42 U.S.C. § 1983 civil rights case for failure to state a cause of action.[1]

A brief statement of the facts leading up to the complaint is necessary. Plaintiff-appellant was, and is, an agent for the Bureau of Criminal Investigations of the Police Department of the Commonwealth of Puerto Rico. Because of accusations of improper conduct he made against two other agents of the Department, an investigation was ordered by defendant-appellee, Astol Calero Toledo, Superintendent of the Police Force of the Commonwealth. As a result of the investigation, plaintiff was transferred to the Police Academy at Gurabo, Puerto Rico, as an instructor with no investigative duties or authority.[2] Plaintiff subsequently testified in a criminal case on behalf of the defendant to the effect that false evidence was obtained and introduced by these two agents. His admission that he obtained this knowledge by tapping the telephone conversations of the agents resulted in criminal charges against him for violating the wiretapping statute of Puerto Rico. Plaintiff was first suspended and then discharged without a hearing by defendant. After an appeal to the Investigation, Prosecution and Appeals Commission, the discharge order was revoked and plaintiff was reinstated in his former position with full retroactive payment of salary.

The complaint originally named the Commonwealth of Puerto Rico and the Police of the Commonwealth of Puerto Rico as defendants in addition to Calero Toledo, but these defendants were dismissed with the consent of plaintiff. The complaint seeks damages because "plaintiff has suffered and continues to suffer stress, anxiety, embarrassment and impairment to his reputation." The district court held that because of defendant's qualified immunity as Chief of Police, plaintiff had to allege that he acted in bad faith in suspending and discharging plaintiff and that since the complaint failed to do so, even when read in the light most favorable to him, it was dis-

1. Fed.R.Civ.P. 12(b)(6).

2. Plaintiff alleges that as a result of the investigation, it was concluded that the charges were true, and it was recommended that the agents be discharged. Defendant claims that the inquiry found that the charges could not be substantiated.

**1020**

missed. No motion to amend the complaint was made.

Appellant raises three issues on appeal: that defendant was not, because of his position alone, automatically entitled to a qualified immunity; that the district court erred in finding that the complaint was deficient as a matter of law; and that the allegations in paragraph 18 of the complaint stating that the defendant failed to follow Police Department regulations as to disciplinary procedures amounted to an allegation of bad faith.

It has now been firmly established by a long line of cases that in a civil rights action for damages, public officials acting in their official capacity enjoy a qualified immunity that protects them if they acted with a good faith belief based upon reasonable grounds that their actions were necessary. Or to put it conversely, a plaintiff in such an action must prove that the public official acted in bad faith, meaning with malice or recklessness. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *O'Connor v. Donaldson,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

Our cases reflect the accepted law that public officials enjoy a qualified immunity. *Maiorana v. MacDonald,* 596 F.2d 1072 (1st Cir. 1979); *Kostka v. Hogg,* 560 F.2d 37, 39 (1st Cir. 1977); *Gaffney v. Silk,* 488 F.2d 1248 (1st Cir. 1973). With the law now so clear on this point, it follows that a plaintiff must allege as well as prove that a public official acted in bad faith to state a valid cause of action.

Thus, while a § 1983 action for money damages may be maintained against such officials, plaintiffs have the obligation to sufficiently *allege* and prove that defendant's conduct was either "purposefully discriminatory," *Harrison v. Brooks, supra,* 446 F.2d [404] at 407 [1st Cir. 1971] "knowing or reckless," *id.* or "willful,"

*Ka-Haar, Inc. v. Huck,* 345 F.Supp. 54 (E.D.Wis.1972) (emphasis added). *Id.* at 1250–51.

This is not the ritualistic incantation of "catchwords," as appellant argues, but a basic pleading requirement. Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." We have made it abundantly clear that in 1983 actions the complaint must be specific and factual as to the claims made. *Hurney v. Carver,* 602 F.2d 993, at 995 (1st Cir. 1979); *Ludwin v. City of Cambridge,* 592 F.2d 606, 610 (1st Cir. 1979); *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir. 1977); *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir. 1977); *O'Brien v. DiGrazia,* 544 F.2d 543 (1st Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). Where, as here, a public official is being sued for action taken in his official capacity, it is assumed that he wears a cloak of qualified immunity and the complaint must allege and specify facts that show bad faith or state why in this particular case the cloak was shed.

We, therefore, turn to an examination of the complaint bearing in mind that it must be read liberally and should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We first note that paragraph 2 of the complaint alleges that the defendant acted in his official capacity as Chief of Police of the Commonwealth. This immediately invoked the doctrine of qualified immunity. Nowhere in the lengthy recitation of facts is there any reference to bad faith, malice or recklessness or facts on which such an inference could reasonably be based. While the complaint does allege that plaintiff was suspended and discharged prior to a hearing, it also states (paragraph 16) that plaintiff followed the Department appeal process and succeeded in being reinstated and awarded all back pay. This rais-

es some doubt as to the allegations of paragraph 17 that his discharge, prior to a hearing, was in violation of the Police Department's own regulations and that his constitutional right to due process of law was violated. There is no rigid rule that requires a pretermination hearing before discharge in all cases. In many instances, the requirements of swift and effective governmental action precludes a hearing until after the discharge. *See Rodriguez de Quinonez v. Perez*, 596 F.2d 486 (1st Cir. 1979), and *Levesque v. State of Maine*, 587 F.2d 78 (1st Cir. 1978). We point this out not to express an opinion on the merits, but to show that the complaint does not set forth facts alleging such wrongdoing by defendant as to raise an inference of bad faith. *Diaz Gonzalez v. Colon Gonzalez*, 536 F.2d 453, 456 & n.12 (1st Cir. 1976). We think it also significant that plaintiff here did not move to amend the complaint after it was dismissed. In *Gaffney v. Silk, supra,* 488 F.2d at 1251, we held that an amended complaint should have been allowed, even though it was filed after the original complaint had been dismissed for failure to allege enough to overcome the qualified immunity of public officials. We do not take lightly the dismissal of a complaint for failure to state a cause of action in a 1983 case, but must assume that when the plaintiff is represented by counsel, the complaint is drawn in the light of the applicable law and contains the pertinent facts. The failure of plaintiff to allege bad faith, malice or recklessness in so many words plus the lack of any facts on which to make such an inference is fatal.

*Affirmed.*