Joseph C. TORNAME, Plaintiff
vs.
Michael PHAIR, Individually and
as Massachusetts State Trooper,
and Frank J. TRABUCCO, Individually
and as Head of Massachusetts
State Police, Defendants

No. 81-0224-MA

United States District Court
Commonwealth of Massachusetts

October 30, 1981

**Stephen J. Weymouth, Esq.,** counsel for plaintiff
**John A. Moos, Zisson & Veara,** counsel for defendant
**Mary E. Dacey, Assistant Atty. General,** counsel for defendant Frank J. Trabucco.

## MEMORANDUM AND ORDER

**Mazzone, D.J.** This is a civil rights action under 42 U.S.C. §1983 in which the plaintiff seeks an injunction and the recovery of damages against defendants Michael Phair, a Massachusetts state police trooper, and Frank J. Trabucco, Commissioner of Public Safety and Superintendent of the Massachusetts State Police. The suit arises from the alleged illegal confiscation of the plaintiff's motorcycle by the defendant Phair while acting in an official capacity. The claim against the defendant Trabucco is based upon his position as Phair's supervisor when the vehicle was seized and later retained.

Each defendant filed an answer requesting the complaint be dismissed for failure to state a claim. Subsequently, the defendants moved for summary judgment. On the undisputed facts, it is clear that the plaintiff's purely conclusory

allegations do not state a claim upon which relief could be granted and, after examining the motions and accompanying affidavits by all parties, it is evident that there is no genuine issue of material fact for trial. Consequently, the motion of each defendant for summary judgment is granted pursuant to Fed.R.Civ.P. 56.

## I.

A well-pleaded complaint under §1983 requires "first, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state of territorial law." **Gomez v. Toledo,** 446 U.S. 635, 640 (1980). The second requirement is clearly met in this case and is not in dispute. However, the plaintiff's complaint and affidavit in opposition to summary judgment do not sufficiently allege that Trabucco is personally depriving the plaintiff of a federal right.

The claim against Trabucco cannot be based upon a theory of **respondeat superior.** "In actions under 42 U.S.C. §1983... there is no vicarious liability on the part of superior officials for the actions of their subordinates unless the superior actually directed or participated in the alleged violation of the plaintiff's constitutional rights." **Westinghouse Broadcasting Co., Inc. v. Dukakis,** 409 F.Supp. 895, 896 (D.Mass. 1976). **See also, Kostka v. Hogg,** 560 F.2d 37, 40 n.1 (1st Cir. 1977). Thus, in order to state a claim against defendant Trabucco for liability as the supervising officer, the plaintiff must allege either personal involvement in the alleged constitutional violation or deliberate indifference to the violation. The plaintiff has done neither.

Personal involvement may be established in one of three ways:

> (1) that the supervisor ordered or directed the constitutional violations; or, (2) that the supervisor knew of the wrongdoings and did nothing to correct the situation even though he had a legal obligation to do so; or, (3) that the supervisor maintained some

policy which encouraged disregard for constitutional rights.

**Polidoro v. Hogan,** C.A. No. 80-0280-MA, Sept. 5, 1980 (citations omitted). The general allegations in the plaintiff's complaint are insufficient to withstand a motion for summary judgment under any of the three alternatives. If mere conclusory allegations were adequate to meet the plaintiff's obligation to raise the issue of the defendant's personal involvement the holding of **Kostka v. Hogg, supra,** would be rendered meaningless. The plaintiff must allege facts which establish the defendant's role in the "constitutional wrong." **Id.** at 40.

The plaintiff's allegations also fail to allege that Trabucco demonstrated "deliberate indifference" toward the alleged deprivation of the plaintiff's constitutional rights. There is no allegation that Trabucco was even aware, or should have been aware, of Trooper Phair's conduct in this case. And, as noted above, the conclusory statement that the defendant has adopted an "official Massachusetts State Police policy" is completely inadequate to withstand the motion for summary judgment.

In sum, the plaintiff's affidavits do not raise a genuine issue of material fact as to whether Superintendent Trabucco was either deliberately indifferent to or personally involved in the allegedly unconstitutional action of Trooper Phair. There is nothing that a trial could add to the record as it now stands that would alter this opinion. Consequently, summary judgment shall be entered for defendant Trabucco.

Although the failure to suggest any nexus between the Superintendent and the alleged conduct is sufficient to warrant granting summary judgment, the motion may also be granted for an entirely different reason that demands brief mention. Defendant Trabucco raises the affirmative defense of qualified immunity. The First Circuit follows the rule granting a defense of "good faith" to public officials for actions performed in the

course of their official duties. **Gaffney v. Silk,** 488 F. 2d 1248, 1251 (1st Cir. 1973). **See also, Desmaris v. Wachusetts School District,** 360 Mass. 591, 276 N.E. 2d 691 (1971), **cert. denied,** 414 U.S. 859 (1973).

The Supreme Court recently reaffirmed the two-part test for qualified immunity that is applicable in this case:

> It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with goodfaith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct.

**Gomez v. Toledo,** 446 U.S. at 641, **quoting Scheuer v. Rhodes,** 416 U.S. 232, 247-8 (1974). Thus if the defendant's actions were objectively reasonable, liability may only attach if he "subjectively realized (his actions) would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States." **Gaffney v. Silk,** 488 F. 2d at 1251, **quoting Cobb v. City of Malden,** 202 F. 2d 701 (1st Cir. 1953) (Magruder, C.J., concurring).

Although reaffirming the test for immunity, the Supreme Court held that given the subjective nature of that defense the plaintiff has no obligation to allege bad faith. **Gomez v. Toledo,** 446 U.S. at 640. This holding explicitly reversed the First Circuit rule on which the defendants continue to rely and which the plaintiff does not contest. **Gomez v. Toledo,** 602 F. 2d 1018 (1st Cir. 1979), **reversed,** 446 U.S. 635 (1980). Despite this misplaced reliance, summary judgment may still be granted on the specific facts of this case even though the affirmative defense of immunity admittedly relies significantly on state of mind.

The decision to grant summary judgment based on an immunity defense depends, in part, on the accommodation of conflicting policy goals. On the one hand, the goal of immuntiy is to prevent intimidation of public officials by protecting them from the need to defend themselves against frivolous suits, as well as eliminating the intimidation of money judgments. **Butz v. Economou,** 438 U.S. 478, 530 (1978). Balanced against that important policy goal is the objective, embodied in Fed.R.Civ.P. 56, of not using the summary judgment motion as a tool to resolve factual issues in a truncated fashion. **Redman v. Warrener,** 516 F. 2d 766, 768 (1st Cir. 1975) ("Summary judgment is not to be turned into trial by affidavit." **Id.**). In attempting to balance these competing concerns, Judge Sirica approached the Court's task as follows:

> Although **Butz** counsels that such determinations should be made, when possible, on summary judgment to protect government officers from harassment suits, the good faith issue in this case requires a resolution of questions of fact hotly contested by the parties, a function not appropriate on a motion for summary judgment.

**Harper v. Blumenthal,** 478 F.Supp. 176, 184 (D.D.C. 1979). The suit against Superintendent Trabucco stands in stark contrast. There are no questions of fact hotly contested by the parties in this case that would counsel against granting summary judgment. The plaintiff has failed to demonstrate "some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim." **Hahn v. Sargent,** 523 F. 2d 461, 468 (1st Cir. 1975). Therefore, summary judgment is also granted on the alternative ground of qualified immunity.

Finally, the plaintiff asserts, without citation, that injunctive relief is more freely available than a damage remedy and thus dismissal is only appropriate as to the damage portion of the complaint, if at all. Without commenting on the merits of the plaintiff's position as it generally relates to the availability of injunctive relief, it is clear that the plaintiff's failure to allege legally adequate personal involvement by the defendant Trabucco in the alleged unconstitutional seizure precludes granting even in-

junctive relief. **Rizzo v. Goode,** 423 U.S. 362, 374-7 (1976) (Injunction will not issue against the police commissioner absent a showing that he played an **"affirmative part** in depriving any members of the two respondent classes of any constitutional rights." **Id.** at 377. (emphasis added) ).

## II.

The heart of the plaintiff's claim against Trooper Phair is that the seizure of the motorcycle violates the plaintiff's right to due process of law because the officer lacked the requisite probable cause. The plaintiff is correct in stating that the malicious and warrantless seizure of a vehicle without probable cause could be remedied through a suit under §1983. **See, Reeves v. City of Jackson,** 608 F. 2d 644, 650 (5th Cir. 1979); **Sullivan v. Murphy,** 478, F. 2d 938, 965 (D.C. Cir. 1973). However, the motion in opposition to summary judgment and the accompanying affidavit do not present any factual issues that would prevent granting summary judgment in this case. On the undisputed facts before this Court, Trooper Phair conducted a legitimate investigation and acted properly in seizing the motorcycle in light of the existing indicia of criminal activity. In addition, there is nothing in the record to indicate that Trooper Phair acted in a manner that would deprive him of the qualified immunity to which he is entitled as a police officer. There simply are no genuine issues of material fact as to the legitimacy of the seizure or Trooper Phair's immunity. Therefore, summary judgment is appropriate.

The plaintiff does not contest any of the significant events that constitute the basis for this suit. The undisputed facts are as follows: Defendant Phair stopped the Harley-Davidson motorcycle driven by the plaintiff since the exhaust system was emmitting excessive noise. Phair, being personally familiar with Harley-Davidson motorcycles, examined the plaintiff's vehicle and noted an alteration in the Vehicle Identification Number (VIN). Specifically, the Trooper observed the VIN was scratched out, did not conform to Harley-Davidson characteristics and would not have been issued by that manufacturer. The plaintiff's affidavit in response does not contest any of these statements. Rather, he simply relies on the allegation put forth in the complaint that Trooper Phair acted without probable cause in seizing the vehicle. The plaintiff adds that Trooper Phair has retaliated against his filing of this §1983 action by lodging criminal charges against him. On this record, the motion for summary judgment must be granted.

There are no disputed facts that could conceivably be construed to indicate that Trooper Phair acted without probable cause in seizing the vehicle. **See generally United States v. Watson,** 423 U.S. 411 (1975). If an officer acts without malice based upon probable cause, there is no constitutional violation cognizable under §1983. **Beauregard v. Wingard,** 362 F.2d 901, 903 (9th Cir. 1966); **Hunter v. Clardy,** 558 F. 2d 290, 291-2 (5th Cir. 1977). The undisputed facts indicating Trooper Phair's proper conduct preclude the possibility of the plaintiff establishing at trial that the Trooper "deprived him of a federal right." **Gomez v. Toledo,** 446 U.S., at 640. Obviously, the absence of any indication of wrongdoing by defendant Phair in seizing the vehicle would provide yet another basis for granting summary judgment for his supervisor defendant Trabucco.

Trooper Phair enjoys the same defense of qualified immunity as Superintendent Trabucco. "The defense of qualified immunity, which is available to local, state, and federal law enforcement officers, protects the defendants from liability for damages if they acted with a good faith belief based upon reasonable grounds that the measures they took were necessary." **Maiorana v. MacDonald,** 596 F. 2d 1072, 1074 (1st Cir. 1979). Summary judgment is also appropriate for Trooper Phair on the basis of this immunity. The uncontroverted portions of the record suggest there is no

way in which the plaintiff could produce evidence sufficient to reach a jury on the defendant's affirmative defense of good faith. **Madison v. Manter**, 441 F. 2d 537 (1st Cir. 1971) ("As a matter of general law, police officers charged with improper prosecution must also be shown to have been malicious." **Id.** at 538.) In fact, the undisputed facts indicate that Trooper Phair acted entirely properly in light of the physical evidence available on the motorcycle at the time of his investigation. It is precisely in this sort of case that the defense of immunity is most appropriately invoked to protect police officers from frivolous suits that interfere with the performance of their public duties.

Accordingly, summary judgment is granted for both defendants.

SO ORDERED.

A. David Mazzone
United States District Judge

### JUDGMENT

Mazzone, D.J. In accordance with the Court's memorandum and order entered this date in the above entitled action, allowing the defendants' motions for summary judgment, it is hereby ORDERED

Judgment for the defendants.

By the Court,
Helen M. Costello, Deputy Clerk